## In re ATANASIO.

### No. 9181.

Circuit Court of Appeals, Third Circuit.

Argued Nov. 3, 1947.

Decided Jan. 23, 1948.

Ralph W. Chandless, of Hackensack, N. J., for appellant.

Joseph L. Freiman, of Union City, N. J., for Eisenstadt.

Abraham Natovitz, of Jersey City, N. J., for Silverman.

Before BIGGS, GOODRICH and Mc-LAUGHLIN, Circuit Judges.

BIGGS, Circuit Judge.

Atanasio, the appellant, was adjudged a bankrupt by the United States District Court for the District of New Jersey on November 2, 1938. On August 5, 1939 the Referee to whom the matter stood referred entered an order which stated that the bankrupt had been "examined" and which required all persons in interest who desired to object to his discharge to do so by September 18, 1939. Thereafter, on a date which does not appear from the record, one Margaret Schofield, a judgment creditor of Atanasio, filed an objection specifying that the bankrupt had refused to obey a lawful order of the Referee in that he had " * * * refused and wilfully failed to attend before the Referee for the purpose of examination * * *". On November 6, 1939 the Referee entered an order denying the bankrupt a discharge on the ground that he had " * * * failed to submit himself for examination at the first meeting of creditors and at a meeting specially called for his examination * * *." This order set out also that the bankrupt had not appeared at the hearing on his application for discharge.

More than six years later[1] Atanasio filed a petition praying that the order denying him a discharge be declared invalid. He stated in his petition that for various reasons he had not received any notice of the orders and directions of the Referee requir-

---

[1] There is a discrepancy between the date recited in the petition and that in the docket entries.

692

ing him to appear for examination and that he had not been informed of any hearing on the objections filed by Margaret Schofield. He attacked the Schofield objections, inter alia, on the ground that she did not allege that she was one of his creditors or how she was interested in his estate. Cf. General Order No. 32, 11 U.S.C.A. following section 53. On December 13, 1945 the trial court entered an order to show cause why the relief prayed for by Atanasio should not be granted.

Atanasio then filed affidavits to prove that Schofield on October 27, 1943 had assigned her claim or judgment against Atanasio to one Isador Eisenstadt and that Eisenstadt was a dummy for one Samuel W. Silverman, whom Atanasio was suing in a New Jersey State court. Eisenstadt filed an affidavit on January 21, 1946 admitting that he was a relative of Silverman but denying that he was his dummy for the purchase of the Schofield claim. Eisenstadt stated in his affidavit that at the time of the assignment he "was informed that Atanasio had gone bankrupt and that his discharge had been denied and that this judgment [Schofield's] could therefore never be discharged in bankruptcy. Relying on that information I bought this judgment." It also appears from an affidavit of Atanasio filed in the court below on January 21, 1946 that he had procured a judgment against Silverman in the New Jersey State court in the amount of $16,763.76; that it was the intention of Silverman to use the judgment assigned to Eisenstadt by Schofield to deprive Atanasio of the benefits of Atanasio's judgment against Silverman.

On June 3, 1946 the court below filed an opinion in which it was stated that Atanasio's application for a discharge would be denied on the ground that his failure to procure a discharge was due to his own neglect. An order was entered in accordance with this opinion on June 11, 1946 and an appeal to this court followed. On November 1, 1946 we entered a per curiam opinion and an order affirming the order of the court below. See 3 Cir., 157 F.2d 915.

Thereafter on July 5, 1947 Atanasio filed a petition in this court praying, inter alia, that a rule issue on Eisenstadt and Silverman to show cause why we should not grant leave to Atanasio to reopen the proceedings in the court below so that he might obtain a discharge. In his petition to this court Atanasio recites that in the case brought by him against Silverman in the New Jersey State court Eisenstadt testified in substance that he did not know that Atanasio had been denied a discharge before he bought the Schofield judgment. Compare and contrast the language of Eisenstadt's affidavit filed in the court below hereinbefore referred to. In his petition Atanasio also asserts that the attorney who negotiated the purchase of the Schofield judgment for Eisenstadt testified in the New Jersey State court proceedings that the sum of $150 used to buy the judgment had been delivered to him in cash by Silverman. Atanasio's petition then charges that Eisenstadt's affidavit "was perjurious and was made for the purpose of inducing the court [below] to reach a determination" that Eisenstadt was the sole and beneficial owner of Schofield's judgment and had purchased it relying on information that Atanasio's discharge had been denied and the judgment could not be discharged; the court below, therefore, says Atanasio, would be moved to deny his application for discharge since, if it were granted Eisenstadt's position would be prejudiced.

We granted the rule to show cause and hearing was had on November 3, 1947.

We conclude that the rule must be discharged. The record demonstrates that Atanasio was uninterested in procuring a discharge in bankruptcy until he sued Silverman and procured a judgment against him. He now fears probably with cause that Schofield's judgment, which may be held by Eisenstadt for Silverman's benefit, will be used as an offset against his, Atanasio's, judgment against Silverman. But more than six years passed after the Referee denied a discharge to Atanasio before he commenced the proceeding in the court below to set the Referee's order aside. Under such circumstances we cannot find that the learned District Judge abused his discretion when he held that Atanasio's failure to obtain a discharge in due course was occasioned by his own neglect. We think that

the learned District Judge had before him the substance of Atanasio's contention that Eisenstadt is in fact Silverman's dummy and that the latter intends to use Schofield's judgment to Atanasio's detriment. The court below obviously concluded that this fact, if it be a fact, was irrelevant in view of Atanasio's own long continued neglect. The trial Judge was not in error in this ruling. A bankrupt who delays six years after the entry of an order denying him a discharge before attempting to set that order aside and then comes into court, obviously prompted by the fear that he will lose the benefit of a law suit, cannot claim any substantial equity.

Whether or not Eisenstadt was guilty of perjurious conduct in executing the affidavit hereinbefore referred to is a matter to be determined by the United States Attorney for the District of New Jersey. That officer should investigate all the pertinent circumstances.

An order will be entered discharging the rule.